# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| **MARCUS DUVALL PATTERSON,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:18CV00123 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **C. PINCHBACK, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendants. | ) | |

*Marcus Duvall Patterson, Pro Se Plaintiff.*

The plaintiff, Marcus Duvall Patterson, a Virginia inmate proceeding pro se, has filed a civil rights action under 42 U.S.C. § 1983. He alleges that during his two-year incarceration at the Danville City Jail, his inmate account balance has been wrong on several occasions, and monies wrongfully deducted were only refunded to him on one occasion. By Order entered June 12, 2018, the court advised Patterson that his Complaint was deficient because it did "not present specific facts about the particular alleged accounting errors (dates, amounts, etc.) or about his attempts to have each of these errors corrected," and did not "state personal actions undertaken by each of the defendants in violation of Patterson's rights." Order 1, ECF No. 13.

The time period granted for Patterson to submit an Amended Complaint correcting the noted deficiencies has elapsed, and he has not responded. For the

reasons stated in the court's prior order, I conclude that Patterson's Complaint fails to state any actionable § 1983 claim against the defendants he has named. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). Therefore, I will dismiss the Complaint pursuant to 42 U.S.C. § 1997e(c)(1) and close the action. [1]

A separate Final Order will be entered herewith.

DATED: July 9, 2018

/s/ James P. Jones
United States District Judge

---

[1] Under 42 U.S.C. § 1997e(c)(1), a court may summarily dismiss any prisoner-filed civil action concerning prison conditions "if the court is satisfied that the action "fails to state a claim upon which relief can be granted."